UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAUREL HICKMAN,<br><br>                Plaintiff,<br><br>    v.<br><br>SOUTH WHIDBEY SCHOOL DISTRICT #206,<br>MARTIN LASTER, and DIANE WATSON,<br><br>                Defendants. | CASE NO. C05-1313C<br><br>ORDER |

       This matter comes before the Court on a motion by Defendant South Whidbey School District #206 ("District") to strike Plaintiff's allegedly untimely jury demand. (Dkt. No. 15.) Having considered the memoranda submitted by the parties in light of the full record in this case, and having determined that oral argument is unnecessary, the Court will GRANT the District's motion as follows.

I.      FACTUAL AND PROCEDURAL BACKGROUND

       Plaintiff's second amended complaint raises civil rights, First Amendment, and employment claims arising from Plaintiff's allegations that she was constructively discharged after ten years as a speech pathologist in retaliation for her criticisms of the District's special education programs. (Dkt. No. 13.) Plaintiff filed her original complaint on June 2, 2005 in Island County Superior Court, followed by an

ORDER – 1

amended complaint on June 23. (Dkt. No. 4-2 at 12–15, 18–21.) The District removed the action to this Court on July 25 and filed its answer to the first amended complaint on August 1. (Dkt. Nos. 1, 3.)

Plaintiff's original attorney filed a motion to withdraw on August 10, which was granted on August 24. (Dkt. No. 8.) It was not until November 4 that Plaintiff's current counsel entered her first appearance (Dkt. No. 9), followed shortly thereafter by a motion to continue the status conference (Dkt. No. 10). At the January 5, 2006 status conference, the Court set a bench trial for September 8, 2006. (Dkt. No. 12.)

Plaintiff filed her second amended complaint on March 10, which added the two individual defendants and dropped her claims under the Washington Law Against Discrimination and the federal Americans With Disabilities Act. (*See* Dkt. No. 13.) The District's present motion was filed in response to Plaintiff's March 13 jury demand. (Dkt. No. 14.)

## II. LEGAL ANALYSIS

Because the Washington Superior Court Civil Rules permit a Plaintiff to submit a jury demand at any time before trial, Plaintiff's original complaint did not include such a demand. *See* WASH. CIV. R. 38(b). Nor did Plaintiff file a demand in this Court until March 13—two months after the Court set a date for a bench trial, four months after counsel's initial appearance, and nearly eight months after removal. As such, the question presented is whether Plaintiff's failure to file her jury demand sooner constitutes a waiver of her right to a jury trial.

### A. *Untimely Jury Demands Under the Civil Rules*

Because this case was removed before the District filed its first responsive pleading to Plaintiff's first amended complaint, Rule 81(c) required that Plaintiff file her jury demand within ten days after the filing of the District's notice of removal—in this case, Monday August 8, 2003. FED. R. CIV. P. 81(c); FED. R. CIV. P. 6(a) (excluding intermediate weekends from time periods less than eleven days). Plaintiff was also bound by Rule 38(b) to file a jury demand within ten days of the District's first responsive pleading, which in this case was the answer to the first amended complaint filed on August 1, 2005. FED.

ORDER – 2

R. CIV. P. 38(b). Thus, even applying the later of these two deadlines, Plaintiff was obligated to file her jury demand no later than Monday, August 15, 2005. Barring some exception, Plaintiff's failure to do so constitutes a waiver of her right to jury trial. FED. R. CIV. P. 38(d).

Plaintiff acknowledges that she missed both of these deadlines, but requests that the Court exercise its discretion under Rule 39(b) to accept her late-filed jury demand. Under that rule, the Court's discretion is narrow: an "untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown." *Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001). Plaintiff herself acknowledges that "granting an untimely jury demand based on the mere inadvertence of counsel is reversible error." (Opp'n 2 (citing *Cascone v. Ortho Pharm. Corp.*, 702 F.2d 389, 392 (2d Cir. 1983).) This standard applies to all untimely jury demands, whether the missed deadline is found in Rules 38(b) or 81(c). *See Pac. Fisheries*, 239 F.3d at 1002.

Plaintiff argues that her exceptionally late jury demand is excused by the fact that her first attorney sought to withdraw on August 10 (two days after the Rule 81 deadline passed) and was granted that right on August 24 (nine days after the Rule 38 deadline passed). But Plaintiff offers no explanation—whether through a declaration of her original counsel or otherwise—as to why her original counsel could not have filed the jury demand before withdrawing. *Cf. Beckham v. Safeco Ins. Co.*, 691 F.2d 898, 905 (9th Cir. 1982) (inadvertence not excused by post-removal withdrawal of counsel). There is thus no basis to find that Plaintiff's failure to file a timely jury demand arose from anything more than inadvertence and neglect of counsel. *Id.*; *see also Pac. Fisheries*, 239 F.3d at 1002–03 (counsel's unfamiliarity with federal rules does not excuse late-filed jury demand).

B.   *Amendment of Complaint*

Plaintiff also argues that the changes to her second amended complaint raised new issues justifying a jury trial on those new issues. In fact, the second amended complaint added two new parties but raised no new issues. That complaint may have dropped Plaintiff's state and federal disability-discrimination claims, but it otherwise retained all the same causes of action and requests for relief

ORDER – 3

(including punitive damages) as the first amended complaint. Where, as here, the new complaint "merely adds defendants," such an amendment "does not introduce new issues to a case, and therefore does not revive a plaintiff's opportunity to request a jury trial." *Jones v. Boyd*, 161 F.R.D. 48, 49 (E.D. Va. 1995). Because all of the claims and factual allegations applicable to the new defendants were present in the first amended complaint, the second amended complaint did not restore or revive Plaintiff's right to request a jury trial.

### III. CONCLUSION AND ORDER

The Court is cognizant of the strong presumption against "unintended waivers of the right to jury trial." *Mondor v. U.S. District Court*, 910 F.2d 585, 587 (9th Cir. 1990). However, the Court cannot disregard the "explicit limitation on its power" to order jury trials by overlooking the mere inadvertence of counsel. *Russ v. Standard Ins. Co.*, 120 F.3d 988, 990 (9th Cir. 1997).

For the reasons stated in this Order, the Court hereby GRANTS Defendant's motion to strike Plaintiff's untimely jury demand.

SO ORDERED this 25th day of April, 2006.

UNITED STATES DISTRICT JUDGE

ORDER – 4