UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAUREL HICKMAN,

    Plaintiff,

  v.

SOUTH WHIDBEY SCHOOL DISTRICT # 206, MARTIN LASTER, and DIANE WATSON,

    Defendants.

CASE NO. C05-1313C

ORDER

This matter comes before the Court on Defendants' Motion for Leave to File Amended Answers (Dkt. No 37), Plaintiff's Response thereto (Dkt. No. 44), and Defendants' Reply (Dkt. No. 48). After careful consideration of all of the papers submitted regarding these motions the Court hereby DENIES Defendants' Motion, as follows.

## I. BACKGROUND & FACTS

Plaintiff filed suit in Washington state court in June of 2005 against South Whidbey School District # 206 alleging claims under 42 U.S.C. §1983 and Washington state law. The matter was later removed to this Court. (Dkt. No. 1.) On January 5, 2006, the Court held a status conference in which it set the pretrial and trial schedule for the case. (Dkt. No. 12.) March 10, 2006 was set as the last day to

ORDER – 1

file amended pleadings.  Following that deadline, Plaintiff filed her Second Amended Complaint adding Defendants Laster and Watson on March 10, 2006.  (Dkt. No. 13.)

On May 22, 2006, two months after the deadline passed for filing amended pleadings, Defendants' current counsel, filed its notice of appearance on behalf of the Defendants.  (Dkt. No. 23.) On May 25, 2006, Defendant Whidbey School District # 206's original counsel filed a notice of withdrawal, whereupon Defendants' current counsel assumed representation of all Defendants.

Trial was eventually reset for November 6, 2006 (*See* Dkt. Nos. 25, 34), though the deadline for amended pleadings remained unchanged.  On September 7, 2006, Defendants filed the present Motion. Defendants seek to add defenses based on qualified immunity, offset, and the after-acquired evidence rule.  (Defs.' Mot. 1-2).

**II.    ANALYSIS**

When a motion to amend a pleading arises after the deadline established in a court's pretrial conference, the party has the burden of first demonstrating "good cause" from the proposed amendment. Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).  If the moving party shows good cause, it must then demonstrate that the amendment was proper under Rule 15.  Fed. R. Civ. P. 15; 975 F.2d at 608.  Accordingly, the Court will first analyze Defendants' Motion under Rule 16(b).

The good cause standard of Rule 16(b)  "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609.   Even though "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is on the moving party's reasons for seeking modification." *Id.*  "If that party was not diligent, the inquiry should end." *Id.*

Defendants make several unpersuasive arguments in support of their showing of good cause. Initially, Defendants argue that because two of the Defendants were not added until March 10, 2006, they could not possibly have met the deadline for amending the pleadings, as the deadline was the same day

ORDER – 2

they were added to the case. (Defs.' Reply 2.) Coming nearly six months after the Defendants were added, this argument bears little force. First, had the new Defendants thought it necessary to amend the pretrial schedule, they could have informed the Court back in March. Second, even under the more liberal standard of Rule 15, this argument does not hold water. Rule 15(a) provides that "[a] party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders." Fed. R. Civ. P. 15(a). If Defendants could not adhere to this timetable, they should have taken appropriate action in March to notify the Court rather than waiting six months after the deadline passed and two months before trial.

Defendants also argue that they should be allowed to amend their pleadings because current counsel did not take over representation of this case until two months after the deadline had passed. While it may be true that *current counsel* could not have adhered to the deadline, that is irrelevant from the Court's perspective. The proper focus is whether the *Defendants* had the ability to amend their pleadings regardless of who happened to be their lawyers at the time. Defendants cite no rule or case for the proposition that a party establishes good cause simply in virtue of acquiring new lawyers and this Court declines to find that such a showing has been made.

Further, Defendants argue that new facts have come to light via discovery that have revealed new defenses. Examination of the proposed new defenses shows that this is not the case.

First, Defendants do not adequately justify why they could not have anticipated a qualified immunity defense from the outset—especially given their concession that it is a "solely legal" defense. (Defs.' Mot 3.) It was clear from the beginning that Plaintiff was suing regarding her conditions at work for a governmental entity; there never was any suggestion that the retaliation occurred outside of workplace, outside of work hours, or solely involved private conduct. Though Defendants are correct that the qualified immunity *analysis* examines the "particularized facts" of an individual case (Defs.' Reply 2), they grossly misunderstand the nature of pleadings in their suggestion that a defendant should

ORDER – 3

wait until late in the litigation—when all facts are known—to merely plead the defense. Further, given the late date at which Defendants seek to add the defense of qualified immunity, much of its benefit has been lost. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001) ("Where the defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive."). Accordingly, diligent counsel could have easily anticipated a qualified immunity defense at the start of this litigation and Defendants' counsel's failure to do so does not constitute good cause to allow them to amend the pleadings now.

      Defendants' second proposed affirmative defense relies on the after-acquired evidence rule. (Defs.' Mot 1.) Yet, Defendants give no information to the Court regarding what, if any, new evidence came to light via discovery that suddenly made them aware of this defense. Further, Defendants provide no reason why they did not anticipate this defense from the beginning in what was obviously an employment-related action. Additionally, Defendants' own argument that additional discovery has given rise to new affirmative defenses at this late stage cuts more than one way, as this new factual allegation would likely require more factual investigation to allow Plaintiff to properly respond. While prejudice to the nonmoving party is not the main focus of Rule 16(b), it is still an important consideration that might "supply additional reasons to deny a motion." *Johnson*, 975 F.2d at 609. Here, discovery will close on September 29, giving Plaintiff scant time to inquire as to what this "after acquired" evidence might be. For all these reasons, Defendants have not shown good cause to amend their pleadings to add an after-acquired evidence defense.

      Finally, Defendants wish to rely on the new defense of offset. Though Defendants do not contest that they "suspected" Plaintiff's alleged unauthorized use of school time, materials, and supplies for years, Defendants argue that "additional discovery was necessary to confirm these suspicions." (Defs.' Reply at 3.) Clearly, given Defendants' suspicions for years regarding Plaintiff's alleged misappropriation, reasonable diligence on behalf of Defendants' counsel would easily have anticipated any defense of offset much earlier. Their inability to do so hardly constitutes good cause for allowing them to alter the pretrial

ORDER – 4

schedule at this late stage in the process.

Accordingly, Defendants have failed to demonstrate good cause to amend the pretrial schedule under Rule 16(b). As such, the Court need not reach the issue of the Motion's propriety under Rule 15. *Johnson*, 975 F.2d at 608.

### III.  CONCLUSION

For the foregoing reasons, Defendants' Motion For Leave to File Amended Answers is hereby DENIED.

SO ORDERED this 25th day of September, 2006.

/s/ John C. Coughenour

John C. Coughenour

United States District Judge

ORDER – 5